The Honorable Tom Curtis District Attorney 47th Judicial District Amarillo, Texas
Re: Representation of the state in county court when the county attorney is disqualified.
Dear Mr. Curtis:
You have requested our opinion regarding the procedure to be followed when the judge of a county court at law has disqualified himself in a pending case and the county attorney is disqualified from participating in the selection of a special judge.
Article 30.03 of the Code of Criminal Procedure provides, in section 1:
 When the judge of the county court or county court at law, or of any county criminal court, is disqualified in any criminal cases pending in the court of which he is judge, the parties may by consent agree upon a special judge to try such case. If they fail to agree upon a special judge to try such case, on or before the third day of the term at which such case may be called for trial, the practicing attorneys of the court present may elect from among their number a special judge who shall try the case. The election of the special judge shall be conducted in accordance with the provisions of Article 1887, et seq., V.A.C.S.
In the present instance, one of the parties is the county attorney, who is himself disqualified from participating in the case. Article 2.07(a) of the Code of Criminal Procedure state that,
 Whenever an attorney for the state is disqualified to act in any case or proceeding . . . the judge of the court in which he represents the state may appoint any competent attorney to perform the duties of the office during the . . . disqualification of the attorney for the state.
Although article 2.02 requires the county attorney to represent the state in the absence of the district attorney, no statute authorizes the district attorney to do so in the county attorney's absence.
The procedure described in section 1 of article 30.03 for selecting a special judge is, however, permissive only, and it is not the exclusive method prescribed. Section 2 of that statute provides:
 In the event a county judge or the regular judge of a county court at law created in a county is absent, or is for any cause disabled from presiding, a special judge, who is an attorney, may be appointed by the commissioners court of the county.
Clearly, a regular judge who has disqualified himself from presiding in a particular case is `for any cause disabled from presiding' under the terms of section 2. Since the provisions of section 1 are not operable because of the disqualification of the county attorney, we believe that section 2 states the appropriate method for selecting the special judge. In our opinion, therefore, the commissioners court of the county should appoint `a special judge who is an attorney' to preside while the regular judge is disqualified. Under the terms of article 2.07(a), such special judge should then `appoint any competent attorney to perform the duties of the office' of county attorney during the pendency of the trial.
 SUMMARY
When the judge of a county court at law has disqualified himself from presiding in a misdemeanor case, and the county attorney is himself disqualified from participating in the selection of a special judge, the county commissioners court should appoint a special judge to hear the case.
Very truly yours,
John L. Hill Attorney General of Texas
Approved:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee